**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| JAMES WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action |
| | ) | No. 08-3289-CV-S-DW-H |
| MARTY C. ANDERSON, Warden, | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, an inmate formerly confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has failed to state a constitutional violation, it must be recommended that he be denied leave to proceed in forma pauperis.

Petitioner asserts in his petitioner that his case manager at the Medical Center purposely placed a management variable of greater security on him by using discriminatory practices, and that the case manager is a racist and biased towards him.

After a Show Cause Order was entered, counsel for petitioner filed a motion to withdraw. Thereafter, petitioner was afforded additional time in which to file a pro se traverse, which he did not do.

It is respondent's position that a Greater Security Management Variable was applied to petitioner upon his initial designation to the Bureau of Prisons ["BOP"] because of the instant offense [conspiracy to possess with intent to distribute cocaine base, cocaine, heroin, and marijuana], his prior arrest history, and his affiliation with the Black Disciples, described as a "criminal street

gang." [Response at 2]. Respondent submits that while petitioner was at FCI, Coleman, Florida, staff members there changed his custody level from IN to OUT without authorization to do so under BOP Program Statement 5100.08. When he arrived at the Medical Center, his custody level was changed from OUT back to IN because there had never been any authorization or approval to decrease his custody level at FCI Coleman. Accordingly, it is asserted that there was no discrimination against petitioner because staff at the Medical Center were merely following BOP policy.

The law is clear that pursuant to Moody v. Daggett, 429 U.S. 78, 88 (1976), the BOP's prison classification system does not confer a protected right, and the classification system is entirely within the discretion of prison officials. See 18 U.S.C. § 4081; Carney v. Houston, 33 F.3d 893, 984-95 (8th Cir. 1994). Further, inmates have no right to serve a sentence in a particular institution. Olim v. Wakinekona, 461 U.S. 238, 242 (1983).

After reviewing the record in this case, the Court finds that petitioner has failed to state a constitutional violation against BOP staff while he was housed at the Medical Center. The record indicates that staff at the Medical Center were correcting a mistake made while petitioner was at another facility. Additionally, petitioner has failed to allege any facts to support his contention that the change in his custody level was racially motivated. The law is clear that even pro se actions must state facts sufficient to state a claim. Black Spotted Horse v. Else, 767 F.2d 516, 517 (8th Cir. 19850.

Therefore, it will be recommended that the petition for writ of habeas corpus be dismissed without prejudice.

Counsel for the petitioner has filed a Motion to Withdraw. Because there are no issues

presented for which relief is appropriate, the motion is granted. [1]

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for a writ of habeas corpus be dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND, CHIEF
United States Magistrate Judge

Date: 05/15/09

---

[1] Petitioner has 10 days to file exceptions to the Report and Recommendation of the United States Magistrate Judge.